NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2550
_____

LAKESIA TRENT,
                    Appellant

v.

TEST AMERICA, INC.; AEROTEK SCIENTIFIC, LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-10-cv-01290
District Judge: The Honorable Thomas N. O'Neill

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 4, 2014

Before: RENDELL, SMITH, and HARDIMAN, *Circuit Judges*

(Filed:  March 18, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge*

Lakesia Trent, an African-American female, applied for work with a

temporary staffing agency, Aerotek Scientific, LLC, in late 2007.  Trent and

Aerotek executed an employment agreement, which set forth, *inter alia*, her

compensation and a restrictive covenant precluding her from working for a client for 180 days after her relationship with Aerotek terminated. In the event that Trent worked for a client of Aerotek within the 180 day period following the end of her employment, Trent would be obligated to pay Aerotek an amount equal to 320 hours at her hourly rate.

Aerotek placed Trent in a position as a gas chromatography analyst in the laboratory of Test America, Inc. In August of 2008, Test America decided to discontinue its relationship with Aerotek, citing decreasing sales. As a result, Trent's employment through the agency ceased. Test America expressed an interest in hiring Trent permanently, and tried to negotiate a reduction in Aerotek's fees for Trent's services. Aerotek, however, was unwilling to compromise by lowering the agreed upon rate for Trent's services. Thereafter, Aerotek presented Trent with a few other employment opportunities. Trent declined to accept them.

In 2010, Trent filed a civil action in the United States District Court for the Eastern District of Pennsylvania against Aerotek and Test America, asserting claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act. After answering the amended complaint, Test America and Aerotek filed motions for summary judgment. The District Court granted the motions.

This timely appeal followed.[1]

Before us, Trent challenges only the grant of summary judgment on her race discrimination claims under Title VII and 42 U.S.C. § 1981. In *Jones v. School District of Philadelphia*, we noted that the same burden shifting framework articulated in *McDonnell Douglas Corp. v. Green* applies to Title VII and § 1981 claims of race discrimination. 198 F.3d 403, 410 (3d Cir. 1999) (citing *McDonnell Douglas*, 411 U.S. 792, 802 (1973)); *see also Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009) (observing that "the substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII"). Trent contends that she adduced a prima facie case of discrimination and that the District Court erred in concluding that she failed to demonstrate that she was terminated under circumstances that gave rise to an inference of race discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (instructing that the plaintiff must establish a prima facie case by showing that the adverse employment action occurred "under circumstances which give rise to an inference of unlawful discrimination"). According to Trent, there were inconsistencies and contradictions that demonstrate

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We exercise final order jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment, applying the same standard that it applied under Federal Rule of Civil Procedure 56. *Schneyder v. Smith*, 653 F.3d 313, 318 (3d Cir. 2011).

the proffered reasons for her termination were a pretext for race discrimination. These inconsistencies, in Trent's view, provide the necessary inference of discrimination needed to establish a prima facie case.

We have carefully reviewed the record. We conclude that the District Court did not err in granting summary judgment in favor of Aerotek and Test America. The circumstances surrounding Trent's termination at Test America fail to give rise to an inference of race discrimination. Although Trent is African-American and qualified for the temporary laboratory position under contract with Aerotek, she did not establish that other non-African-American temporary laboratory technicians under contract with Aerotek were treated more favorably.

Even if we presumed that she established a prima facie case, Trent failed to cast doubt upon Test America's articulated reasons for terminating her services. Test America explained that its sales were declining and it decided to discontinue using staffing agencies in order to reduce overhead. Although Test America sought to permanently hire Trent, Aerotek would not agree to convert Trent's status without the payment of its fees.

Nor has Trent shown any circumstances that give rise to an inference that Aerotek discriminated against her on the basis of her race. Aerotek informed her of some positions after Test America terminated its employment relationship with her, but Trent did not accept those positions. Trent has not demonstrated that other

non-African-Americans with her technical background were treated more favorably by Aerotek.

Trent contends she adduced sufficient facts to give rise to an inference of race discrimination, citing the different reasons given for her discharge. In her view, Test America's explanation that her termination was in response to fiscal concerns is contradicted by the explanation given by Tania Tydings, Aerotek's Employee Relations Manager. Tydings stated that Trent was terminated because of performance issues. Tydings admitted, however, that she had no firsthand knowledge of Test America's termination of Trent and explained that she cited performance issues only because of a February 2008 e-mail from Test America. That e-mail sought to negotiate a lower rate for Trent's services because she lacked a college degree, needed more training, and cost more than employees retained through other staffing agencies. According to Tydings, Aerotek refused to lower its rate in February or at any point thereafter. In light of these circumstances, and mindful that Aerotek and Test America are separate business entities, we fail to see an inconsistency.

Accordingly, we will affirm the judgment of the District Court.